**F I L E D**

**UNITED STATES COURT OF APPEALS**

**January 2, 2007**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JAMES DELOSS TRINNAMAN,

      Defendant-Appellant.

No. 06-4082

(D. of Utah)

(D.C. Nos. 2:05-CV-674-PGC
2:04-CR-185-DKW)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.[**]

James Deloss Trinnaman pled guilty to one count of felon in possession of

a firearm.  He now seeks a Certificate of Appealability (COA) following two

habeas petitions under 28 U.S.C. § 2255.  Trinnaman proceeds *pro se*, so we

construe his pleadings liberally.  *Cummings v. Evans*, 161 F.3d 610, 613 (10th

Cir. 1998).  We will issue a COA "only if the applicant has made a substantial

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec.
1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Finding no constitutional rights were denied Trinnaman, we DENY his request for a COA and DISMISS the appeal.

## I. Background

After pleading guilty to one count of felon in possession of a firearm, Trinnaman was sentenced to 57 months in prison and ordered to participate in a drug treatment program on September 14, 2004. He did not appeal that conviction or sentence. But in August of 2005 he filed a habeas petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence based on five arguments: 1) he received ineffective counsel, 2) his sentence violated the Due Process Clause of the Fifth Amendment and his right to jury trial under the Sixth Amendment by including prior convictions in the calculation, 3) the district court erroneously relied on the pre-sentence report (PSR) in establishing his prior convictions qualified as violent felonies, 4) ineffective counsel created a Fourth Amendment issue, and 5) his sentence should be corrected to reflect time served.

Ruling in December of 2005, the district court ordered Trinnaman's sentence corrected so the federal sentence ran concurrently with the state sentence. It denied any further habeas relief though, finding Trinnaman's other arguments of insufficient merit. Trinnaman then filed a Rule 59(e) motion to amend the court's ruling. Trinnaman pointed to a sentencing calculation error made by his counsel when she requested a downward departure for Trinnaman

-2-

during the sentencing stage. Trinnaman had already raised the calculation error in a filing titled "Response to Government's Response," but the district court did not address the issue in its December 2005 ruling. When the calculation error was raised again in Trinnaman's motion to amend, the district court treated the motion to amend as a successive § 2255 habeas petition and dismissed for lack of a COA.

Trinnaman seeks a COA to review 1) the calculation error, 2) all August 2005 habeas petition claims denied by the December 2005 ruling, and 3) the Bureau of Prisons' failure to grant the sentencing correction mandated by the December order.

## II. Discussion

*A. Calculation Error*

Trinnaman's counsel requested a downward departure for her client during the sentencing process. Her memorandum concluded:

> For the foregoing reasons, the Defendant respectfully requests that this Court grant him a downward departure from the Sentencing Guidelines based on the over-representation of his criminal history, and his exceptional family circumstances. Accordingly, his criminal history category should be a IV with a base offense level of 20, minus 3 for acceptance, for a final offense level of 17, for a sentencing range of 46-57 months.

R. at Document 12-1, page 14 of 14.

Counsel, however, misread the Sentencing Guidelines. An offense level of 17 with a criminal history category of IV equates to a sentencing range of 37-46 months, not 46-57 months. Construing his petition liberally, Trinnaman argues

-3-

that 1) his counsel invited error sufficient to amount to ineffective counsel, or 2) his due process rights were violated. Either violation would be constitutionally sufficient to grant a COA.

The PSR offered a different recommended sentence then Trinnaman's counsel, however. It suggested an offense level of 21 with a criminal history category of VI and no downward departure for a sentencing range of 77 to 96 months. The sentencing judge took a middle route, granting a downward departure and sentencing Trinnaman to 57 months—higher than that requested by counsel but lower than that suggested by the PSR.

If the sentencing judge relied on the miscalculation of Trinnaman's counsel in reaching the final sentence, Trinnaman might deserve a COA to determine whether constitutional error existed. But to establish an ineffective counsel claim, a defendant must show that the counsel's performance was significantly "deficient and that he was prejudiced by that deficiency." *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). There is no indication in the record that the sentencing judge relied upon the miscalculation proffered by Trinnaman's counsel.

Nor can we say that Trinnaman was denied due process. We may not review a district court's discretionary decision to deny a downward departure or its refusal to depart even further from the advisory guideline range than it already

has. *United States v. Chavez-Diaz*, 444 F.3d 1223, 1228–29 (10th Cir. 2006). We can only review the imposed sentence for reasonableness. *Id.* In the case before us, Trinnaman received a downward departure from the PSR recommendation, just not a departure as far as he would have liked. He does not, however, challenge the reasonableness of his sentence. Even if he did, there is nothing in the record that indicates the scale of the judge's departure was unreasonable.

Trinnaman's request for a COA to review the impact of the sentencing miscalculation by his counsel is denied.

B. *August 2005 Habeas Petition Claims*

We also deny the claims presented by Trinnaman's first § 2255 habeas petition for the same reasons as the district court. First, Trinnaman's ineffective counsel claims are unpersuasive. He argues that his counsel (1) failed to call a key witness, and (2) should have argued for a downward departure based on the "lesser harms" provision of the Sentencing Guidelines.[1] The witness proffered would only have repeated evidence already before the court, however, and sufficient inconsistencies existed in Trinnaman's story about purchasing the rifle, from which his conviction stems, for his son as a hunting rifle that refusing to make the "lesser harms" argument was not unreasonable on counsel's behalf.

---

[1] The lesser harms provision arises in § 5K2.11 of the Guidelines, which explains that a reduced sentence might be warranted where "conduct may not cause or threaten the harm or evil sought to be prevented by the law proscribing the offense at issue."

Second, his Fifth and Sixth Amendment arguments regarding the use of prior convictions at sentencing fall flat because he neither previously disputed his prior felony convictions nor does the use of such convictions at sentencing require proof by a jury beyond a reasonable doubt, *see United States v. Booker*, 543 U.S. 220, 244 (2005) (requiring proof by a jury beyond a reasonable doubt for facts used to support a sentence *except for prior convictions*).

Third, Trinnaman's reliance on *Shepard v. United States*, 544 U.S. 13 (2005), for the proposition that the district court erred in relying upon the PSR to establish his prior convictions as violent crimes is misplaced. *Shepard* made it improper to rely on a PSR when it was unclear whether a prior conviction qualified as a violent crime or not. In this case, there is no ambiguity about whether Trinnaman's prior robbery convictions qualify as crimes of violence. The Sentencing Guidelines make it clear that robbery qualifies. *USSG* § 4B1.2 cmt. n.1 (2005) (defining robbery as a crime of violence).

Finally, Trinnaman concedes his Fourth Amendment argument requires a finding of ineffective counsel. As we did not find ineffective counsel above, his Fourth Amendment argument fails.

As to Trinnaman's argument that he receive credit for time served in state court, the district court agreed and issued an order granting the relief.

*C. Bureau of Prisons' Failure to Follow December Order*

Trinnaman has provided no evidence in the record that the Bureau of Prisons has not followed the district court directive mandating his sentence be corrected to reflect the federal and state sentences are to run concurrently. If the Bureau of Prisons has failed to follow that order, Trinnaman must offer evidence of that failure to the district court to obtain any relief.

### III. Conclusion

Based on the record before us, we DENY the petition for a COA on all of Trinnaman's claims.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge